**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**vs.**                          **Case No. 4:24CV 850 - BRW**

**35 FIREARMS AND APPROXIMATELY 22,032
ASSORTED ROUNDS OF AMMUNITION SEIZED
FORM THE POSSESSION OF BRYAN MALINOWSKI
ON MARCH 19, 2024**                                    **DEFENDANTS**

---

**CLAIMANT, MARIA DEL SOCORRO MALINOWSKI IN HER INDIVIDUAL
CAPACITY, MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, RULE
12(b)(1) and (6), AND SUPPLEMENTAL ADMIRALTY AND MARITIME
CLAIMS RULE G(8)(b)(i)**

---

Claimant, Maria Del Socorro Malinowski in her individual capacity, (hereafter "Claimant"), by and through her attorneys, submits this Motion to Dismiss the United States of America's Complaint pursuant to Rule 12(b)(1) and (6) of the Rules of Federal Procedure and Supplemental Admiralty and Maritime Claims Rule G(8)(b)(i), and alleges and states as follows:

1.      This is a forfeiture action against property seized on March 19, 2024 from the home of Bryan and Maria Malinowski.  Prior to this date, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") obtained a federal search warrant to search the home. Upon their dynamic entry into the home, Bryan Malinowski exchanged gunfire with the ATF agents, who appeared to be armed

1

intruders.  During the exchange of gunfire, Bryan Malinowski was shot and killed. Subsequently, agents with the ATF conducted a search of the home, seizing the Defendant property. There are no criminal proceedings related to the Defendant property filed in Federal Court.

2. Pursuant to Federal Rules of Civil Procedure, Supplemental Admiralty and Maritime Claims Rule G(8)(b)(i), a claimant may move to dismiss a forfeiture complaint under Federal Rules of Civil Procedure, Rule 12(b).  FRCP SUPP AMC Rule G(8)(b)(i). Arguments regarding the sufficiency of the complaint are governed by Rule G(2).  FRCP SUPP AMC Rule G(8)(b).

3. The United States asserts in paragraphs 7 and 82 of its verified Complaint in rem [Doc 1] that it is entitled to forfeiture of Defendants pursuant to 18 U.S.C. § 924(d)(1), because, according to the United States, Bryan Malinowski allegedly  committed offenses defined in 18 U.S.C. § 922(a)(1)(A) (also referred to as the "Firearms Dealing Provision") and 18 U.S.C. § 922(a)(6) (also referred to as the "False Statement Provision").

4. Claimant is the widow of Bryan Malinowski.  Claimant and Bryan Malinowski lived together in their home.

5. Claimant owned the following Defendant property in her individual capacity:

   a. Defendant 8… 24-ATF-011492: WALTHER PPK/S Pistol CAL:380 SN:3307BAD;

   b. Defendant 9… 24-ATF-011493: GLOCK GMBH 45 Pistol CAL:9 SN:BKDM288; AND EITHER

c.  Defendant 12… 24-ATF-011497: BERETTA, PIETRO S.P.A 92FS Pistol CAL:9 SN:A322556Z;  OR

d.  Defendant 13… 24-ATF-011498: BERETTA USA CORP 92FS Pistol CAL:9 SN:BER475246.

6.      Claimant is entitled to the return of the above Defendants for the following reasons, which are more fully set forth in the brief in support being filed contemporaneously herewith in accordance with Local Rule 7.2(a):

a.  The Government failed to commence a related criminal prosecution, which is necessary to pursue a forfeiture action pursuant to 18 U.S.C. § 924(d)(1);

b.  The Government failed to "individually" identify the "quantities of ammunition" so as to be "subject to… forfeiture" pursuant to 18 U.S.C. § 924(d)(2)(C) and Rule G(2)(f);

c.  The Government failed to allege sufficiently detailed facts to connect specific Defendants with illegal activity (applies to all but Defendants 9, 27, 33, and 46);

d.  The Government failed to allege sufficiently detailed facts that Bryan Malinowski willfully engaged in dealing firearms;

e.  The complaint fails to state facts implicating a false or fictitious statement or a "knowing" mens rea—it failed to allege a known third-party at the time of the purchase;

f.  The Colt Defender Handgun (Defendant 46) was used in defense of Bryan Malinowski, Maria Malinowski, and their home.

7.      Claimant seeks dismissal of the Government's forfeiture action, and she requests the return of the identified seized property to her.

8.      In accordance with Local Rule 7.2(a), Claimant has filed contemporaneously herewith a brief in support of this Motion to Dismiss.

9.      Plaintiff further relies on the following exhibits in support of her Motion

to Dismiss:

Claimant Exhibit 1- Glock 43 and 43X comparisons

Claimant Exhibit 2- ATF Form 4473

Claimant Exhibit 3- Transcript of Oral Argument,
    *Abramski v. United States*, 573 U.S. 169, 200 (2014)

WHEREFORE, Claimant, Maria Del Socorro Malinowski, in her individual capacity, respectfully requests that the Court grant her Motion to Dismiss and order Plaintiff to return the identified seized property to her.

Respectfully submitted,

Deborah Truby Riordan (AR 93231)
Appellate Solutions, PLLC
1501 North University, Suite 310
Little Rock, AR 72207
Telephone:  (501) 235-8235
Facsimile:   (501) 235-8234
Email: deb@arklawoffice.com

**Attorney for Claimant, Maria Del Socorro Malinowski, in her individual capacity**

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, I served the foregoing via the Court's electronic filing system upon all counsel of record, including the following:

United States Attorney's Office
ATTN: AUSA Amanda Jegley
425 W. Capitol Ave., Suite 500
Little Rock, AR 72201-3536

PO Box 1229
Little Rock, AR 72203

Paul J. James
Matt Stauffer
James & Carter, PLC
500 Broadway, Suite 400
PO Box 907
Little Rock, Arkansas 72203-0907

Deborah Truby Riordan

5