IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                         Case No. 4:24-CV-850-BRW

35 FIREARMS AND APPROXIMATELY 22,032
ASSORTED ROUNDS OF AMMUNITION SEIZED
FROM THE POSSESSION OF BRYAN MALINOWSKI
ON MARCH 19, 2024                                          DEFENDANTS

CLAIMANTS' REPLY TO
GOVERNMENT'S RESPONSE IN OPPOSITION OF
CLAIMANTS' MOTIONS TO DISMISS

Comes the Claimants, Maria Del Socorro Malinowski, as Executor for the Estate of Bryan Malinowski; in her individual capacity; and in her capacity as the sole beneficiary to the Estate, and for her Reply to the Government's Response to the Claimants' Motions to Dismiss, state:

I.   **THE GOVERNMENT FAILS TO ALLEGE FACTS THAT IT COMMENCED A RELATED CRIMINAL PROSECUTION AS REQUIRED BY THE STATUTORY ACQUITTAL PROVISION.**

In its Response (pp. 11-12), the Government argues that only a violation or offense is required to commence a forfeiture proceeding, and that 18 U.S.C. § 924(d)(1) does not explicitly state that a criminal prosecution is necessary to initiate a civil forfeiture. Absent the Acquittal Provision, the Claimants would agree.

However, "the plain language of the statute" requires that seized firearms and

1

ammunition "must be returned absent an ongoing or successful prosecution." *United States v. One Smith & Wesson 66 Revolver*, No. CV413-043, 2016 WL 1276443 at 2 (S.D. Ga., Mar. 30, 2016). The Acquittal Provision may be "awkwardly drafted," but the statute is not ambiguous. *Id.* To the extent that the Government claims that the statute is ambiguous, it is "well established that forfeiture statutes are strictly construed against the government." *United States v. Real Properties located at 7215 Longboat Drive (Lot 24)*, 750 F.3d 968, 974 (8th Cir., 2014).

## A. The Legal Analysis In *Japanese Rifle* Fails to Apply the Acquittal Provision.

The Government, to support its position, cites to a single case, *United States v. Japanese Rifle*, 571 F. Supp. 2d 685 (E.D. Va., 2008). However, in *Japanese Rifle*, the district court's order omits any analysis or application of the Acquittal Provision, and instead predicated its holding on preempted case law. Therefore, the district court's holding is inapplicable to the present forfeiture action.

The district court held that the seized firearm "may be subject to forfeiture… even if its owner is acquitted" at a criminal trial. *Id.* at 691. This holding flagrantly ignores and violates the clear language of the Acquittal Provision in 18 U.S.C. § 924(d)(1). To support its holding, the district court cited to *United States v. One Assortment of 89 Firearms*, 465 U.S. 354 (1984), which was specifically preempted by Congress when it amended 18 U.S.C. § 924(d) in 1986 to add the Acquittal Provision. Firearm Owners' Protection Act of 1986, S. 49 (H.R. 4332), 99th Cong. § 104(a)(3).[1] The other cases cited by the district court's holding involved real property instead of

---

[1] Pub. L. 99–308, May 19, 1986, 100 Stat 449.

firearms, and thus the Acquittal Provision would not apply.

More broadly, the district court in *Japanese Rifle* held that the seized firearm "may be subject to forfeiture… even if its owner is acquitted—or never called to defend against—criminal charges." To support this position, the district court noted that there is a long history of civil forfeitures where the proceeding in rem stands independent of, and wholly unaffected by any criminal proceeding in personam. *Japanese Rifle*, 571 F. Supp. 2d at 690-91 (quoting *The Palmyra*, 25 U.S. 1, 15 (1827)).

However, in 2017 the Supreme Court further developed its position from *The Palmyra*, noting that Congress can alter the "in rem"/"criminal in personam" common law dichotomy. *Honeycutt v. United States*, 581 U.S. 443, 453-54 (2017). The district court in *Japanese Rifle* (2008) did not consider that Congress amended this dichotomy in 1986 for firearms and ammunition when it amended the statute and added the Acquittal Provision.

## B. 18 U.S.C § 924(d) Presupposes a Criminal Prosecution

The Acquittal Provision in 18 U.S.C. § 924(d) does not exist in a vacuum, but in the broader context of the statute as a whole. See *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). 18 U.S.C. § 924, titled "Penalties," specifically establishes penalties for persons criminally charged and convicted. The language of the entire statute, subsections (a) through (p), presupposes that the Government has initiated a criminal prosecution.

Additionally, the specific language of the Acquittal Provision, "upon acquittal" presupposes that a criminal proceeding has commenced and that an acquittal is a

3

possible outcome. *Shell Oil Co.*, 519 U.S. at 341 (Statutory language "is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.").

### C. The Acquittal Provision Does Not Create Two Systems of Forfeiture

Finally, the Government argues in its Response (p. 10) that the Acquittal Provision merely "prescribes what should happen if a criminal prosecution is commenced and the owner/possessor is acquitted... Nothing more." Although simple in its statement, the practical effect is daunting.

The Government argues in its Response (p. 13) that a civil forfeiture claimant is not entitled to the Constitutional protections provided in the Fifth and Sixth Amendments. That is precisely the Claimants' point in their Motions to Dismiss. In a civil forfeiture, the Government must still prove the existence of a criminal offense, but only by a preponderance of the evidence. *United States v. Japanese Rifle*, 571 F. Supp. 2d 685, 691 (E.D. Va., 2008). Specific to the Acquittal Provision, a claimant is entitled to have his property returned when he is acquitted of the criminal charges— that is to say, after the claimant has been afforded the Fifth and Sixth Amendment Constitutional protections in the criminal proceeding. To ascribe to the Government's theory of interpreting the statute, similarly situated persons (claimants) will be treated differently without a rational basis for doing so in violation of the Fifth Amendment's Due Process/Equal Protection Clause.

## II.   THE GOVERNMENT'S COMPLAINT AND RESPONSE FAIL TO ADEQUATELY IDENTIFY THE AMMUNITION DEFENDANTS

The Government, in its Response (pp. 13-14), asserts that its own "asset

identification number" is sufficient to satisfy its pleading requirements, but it fails to allege how its "asset identification number" "particularly name[s] and individually identifie[s]" any Ammunition Defendant. The Ammunition Defendants are so broadly and vaguely identified that they cannot be connected with an alleged wrongdoing or specific Firearm Defendant. See 18 U.S.C. § 924(d)(2)(C) ("[Q]uantities of ammunition" must be *particularly named and individually identified* as involved in or used in… or intended to be used in" a violation or offense.)(emphasis added).

Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Based on the Government's Complaint, all Ammunition Defendants reasonably could be 30-06 rifle rounds, which notably cannot be fired from any Firearm Defendant or connected to any allegation in the Government's Complaint.

The Government has made no factual allegation distinguishing one Ammunition Defendant from another. If the Government's argument is sufficient to satisfy the statute and Rule G (which it is not), then taken to its logical conclusion, it would suffice to name one ammunition defendant as "22,032 Rounds Assorted Ammunition CAL: Assorted," and provide a single asset identification number. Such naming provides no less clarity than how the Government has identified the Ammunition Defendants in its Complaint. Both circumstances ultimately nullify the "particularly named and individually identified" statutory requirement in 18 U.S.C. § 924(d)(2)(C) and the "reasonable particularity" requirement of Rule G(2).

### III. THE GOVERNMENT'S COMPLAINT AND RESPONSE DO NOT ALLEGE A NEXUS BETWEEN THE SPECIFIC DEFENDANTS AND ALLEGED WRONGDOING

Requiring the Complaint to connect each Defendant with an alleged wrongdoing is not a matter of discovery, but an issue of pleading. *United States v. 5012 North 6th Street, Blytheville, Ark.*, 2014 WL 5590555, 7 (E.D. Ark., 2014); See also 18 U.S.C. § 924(d)(2)(C).

In ¶ 79 of its Complaint, the Government states that Firearms Defendants were involved in the Firearms Dealing Provision and were subject to forfeiture for three (3) reasons:

> (1) Tagged for sale at the time of seizure; (2) listed on the same multiple sales report as firearms recovered by law enforcement from other individuals during the commission of a crime; and/or (3) are the same make and model as other firearms known to have been sold by Mr. Malinowski.

In its Response (pp. 25-26), the Government asserts that it does not have to allege (1) which firearms were tagged for sale; (2) which firearms were listed on the same multiple sales report as firearms recovered by law enforcement; or (3) which firearms were the same make and model as other firearms known to have been sold.

Rule G(2)(f) imposes a heighted pleading requirement for complaints in civil forfeiture actions. *United States v. 5012 North 6th Street, Blytheville, Ark.*, 2014 WL 5590555, 7 (E.D. Ark., 2014). A complaint must allege facts demonstrating a nexus between the seized property and the alleged criminal conduct. *Id.* At a minimum, "a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Hanten v. Sch. Dist. Of Riverview*

*Gardens*, 183 F.3d 799, 805 (8th Cir., 1999).

It is important to note that the Government's Complaint and Response spend a great deal of time asserting factual allegations against firearms that Mr. Malinowski sold, but fail to make allegations against the Firearm Defendants, which were recovered from Mr. Malinowski's home.  The Claimants, in their Motions, have attempted to connect the Government's stated basis of forfeiture with each individual Defendant.  Based on the Government's allegations, the Claimants could only arguably connect Defendants 9, 27, and 33 to the Government's stated basis of forfeiture (excluding the Colt Defender Handgun).

## V.     THE GOVERNMENT'S COMPLAINT AND RESPONSE PRESENT A LEGAL QUESTION—DEFINITION OF "ACTUAL BUYER"—AS A FACTUAL STATEMENT.

In ¶ 21 its Complaint, the Government paraphrases ATF Form 4473, Question 21.a.  In its Response (p. 29), the Government affirms that its paraphrased description of Question 21.a was intended to be a factual allegation.

The Government, in both its Complaint and Response, attempts to present a legal conclusion—the definition of "actual buyer"—as a factual allegation.  Such an effect would allow the Government to paraphrase crucial language underpinning its theory for forfeiture, and then ask the Court to accept its paraphrased language as a matter of fact.  Pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Defining the term "actual buyer" is a legal question, and ripe on a 12(b) Motion,

because the Government has not alleged that Mr. Malinowski purchased a firearm on behalf of a known third party. See *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (When a question of law is resolved against the plaintiff, "dismissal on Rule 12(b)(6) grounds is appropriate.").

The Claimants, in their Motions to Dismiss, provided sufficient analysis for the Court to define the term "actual buyer." The Claimants' legal analysis is supported by (1) ATF publications; (2) oral arguments by the assistant solicitor general made to the Supreme Court of the United States; (3) ATF Form 4473, Question 21.a with its supporting explanation; and (4) citations to statutory language. These supporting documents and information were presented to aid the Court in its legal analysis of defining the term.

## CONCLUSION

Based on the foregoing, Claimants respectfully request that the Court grant their Motions to Dismiss and order the Government to return to the Claimants all property seized on March 19, 2024.

Respectfully submitted,

Matt Stauffer (ABA No. 2012284)
Paul J. James (ABA No. 83091)
**JAMES & CARTER, PLC**
500 Broadway, Suite 400
Little Rock, AR 72201
(501) 372-1414 – Telephone
 (501) 372-1659 – Facsimile
mstauffer@jamescarterlaw.com
pjj@jamescarterlaw.com

8

-and-

Deborah Truby Riordan (ABA No. 93231)
**Appellate Solutions, PLLC**
1501 North University, Suite 310
Little Rock, AR 72207
(501) 235-8235 – Telephone
(501) 235-8234 – Facsimile
deb@arklawoffice.com

*Attorneys for Malinowski Claimants*

## CERTIFICATE OF SERVICE

I, Deborah Riordan, hereby certify that on January 15, 2025, I served the foregoing via the Court's electronic filing system (ECF):

United States Attorney's Office
**Attn: AUSA Amanda Jegley**
425 W. Capitol Ave., Suite 500
Little Rock, AR 72201-3536

9