IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

USA                                                                                                      PLAINTIFF

V.                                     No. 4:24-cv-00850-BRW-BBM

35 FIREARMS AND APPROXIMATELY 22032 ASSORTED
ROUNDS OF AMMUNITION SEIZED FROM THE
POSSESSION OF BRYAN MALINOWSKI ON MARCH 19, 2024             DEFENDANTS

## ORDER

Pending are Claimant's Motions to Dismiss (Doc. Nos. 7, 9, 11). Plaintiff has responded and Claimant has replied.[1]

### I.  BACKGROUND

This is a civil forfeiture action brought by the United States related to firearms and ammunition that were seized during the execution of a search warrant on March 19, 2024.[2] The sole target of the criminal investigation, Bryan Malinowski, died after being shot during the execution of the search, so no charges were filed. Plaintiff commenced this case, and Mr. Malinowski's widow, Maria Del Socorro Malinowski,[3] filed verified claims, asserting an interest in the seized firearms and ammunition (Defendants in this civil forfeiture *in rem*).[4]

On December 11, 2024, Claimant filed motions to dismiss based on: (1) the Government "fail[ing] to commence a related criminal prosecution"; (2) an absence of particularity in describing the Defendant property; and (3) failure to state a claim.[5]

---

[1] Doc. Nos. 15, 19.

[2] Doc. No. 1.

[3] Individually and as executor and beneficiary of the Estate of Bryan Malinowski.

[4] Doc. Nos. 3-5.

[5] Doc. Nos. 7, 9, 11.

1

## II. DISCUSSION

Claimant asserts that "[a]bsent an ongoing or successful criminal prosecution, the Government cannot pursue an action for forfeiture . . . [under] 18 U.S.C. § 924(d)(1)."[6] Claimant relies on the following language from § 924(d)(1), a criminal statute titled "Penalties": "That upon acquittal of the owner or possessor, or dismissal of the charges against him other than upon motion of the Government . . . the seized or relinquished firearms or ammunition shall be return forthwith to the owner."[7]

The absence of an "ongoing or successful criminal prosecution" does not defeat a civil forfeiture under § 924(d)(1).[8] Here, the criminal investigation ended when the target died; nothing in that statutory language precludes a <u>civil</u> forfeiture of the seized property after a criminal investigation is abandoned. Questions remain as to the legal status of the seized property, which is alleged to have been "involved in or used in . . . knowing violation" of the statutes listed in § 924(d)(1).[9] To resolve these questions, Plaintiff initiated a civil forfeiture proceeding.

---

[6] Doc. Nos. 8, 10, 12.

[7] 18 U.S.C. § 922(d)(1). Claimant also relies on *United States v. One Smith & Wesson 66 Revolver*, No. CV413-043, 2016 WL 1276443, at *2 (S.D. Ga. Mar. 30, 2016) (holding that "the plain language of this statute appears to require some sort of conviction under § 922 before Defendant Firearms are subject to forfeiture.").

[8] See *United States v. Seven Firearms & Ammunition*, No. 4:02-CV-00133-BRW (E.D. Ark.), Doc. No. 38 (granting forfeiture of firearms in case where the target of investigation was killed during execution of search warrant and never indicted), *aff'd*, 116 F. App'x 51 (8th Cir. 2004).

Notably, despite the post-1986 language of § 924(d)(1), which Claimant refers to as the "Acquittal Provision," the Court of Appeals for the Eighth Circuit has affirmed the civil forfeiture of a firearm after the defendant was acquitted of the offense related to that particular firearm. See *United States v. One Assortment of 93 NFA Regulated Weapons*, 897 F.3d 961, 968 (8th Cir. 2018). This ruling suggests that Claimant's relied-upon language has no bearing on a civil forfeiture.

Claimant also claims Plaintiff has not identified, with sufficient particularity, the Defendant ammunition and has failed to state a claim upon which relief can be granted. I disagree. At this stage, Plaintiff has met the relatively low bar.

## CONCLUSION

Based on the above, the motions to dismiss (Doc. Nos. 7, 9, 11) are DENIED.

Plaintiff and Claimant are directed to meet and confer regarding an appropriate scheduling order in this case. If something other than a standard scheduling order is needed, an agreed-on scheduling order should be submitted 5 p.m., Friday, February 14, 2025. If I do not receive one by the deadline, I will enter the standard order.

IT IS SO ORDERED this 4th day of February, 2025.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE